UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

June __, 2012

Dennis R. Kurz
Weisberg & Meyers, LLC
5025 North Central Avenue, # 602
Phoenix, AZ 85012

Gregg Philip Tabakin
Fein, Such, Kahn & Shepard, P.C.
7 Century Drive, Suite 201
Parsippany, NJ 07054

## LETTER ORDER

Re:  **Moore v. Fein, Such, Kahn & Shepard, P.C.**
     **Civil Action No.: 12-1157**

Dear Counsel:

It having come to the Court's attention by way of Defendant's June 1, 2012 letter [Docket Entry No. 34] that footnote 1 on page 12 of this Court's May 31, 2012 Opinion [Docket Entry No. 32] contains a phrasing error,

**IT IS** accordingly on this 13 day of **June, 2012,**

**ORDERED** that the Clerk docket the attached as an Amended Opinion to correct said error.

**IT IS SO ORDERED.**

Jose L. Linares
United States District Judge

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICOLE MOORE, <br><br> Plaintiff, <br><br> v. <br><br> FEIN, SUCH, KAHN & SHEPARD, PC, <br><br> Defendant. | Civil Action No.: 12-1157 (JLL) <br><br> **AMENDED OPINION** |

This matter comes before the Court by way of Defendant Fein, Such, Kahn & Shepard, PC ("Defendant")'s motion to dismiss Plaintiff Nicole Moore ("Plaintiff")'s civil complaint ("Complaint") for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Docket Entry No. 16]. The Court has considered the submissions of the Parties in support of and in opposition to the instant motion, and decides the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Defendant's Motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiff Moore, a resident of South Carolina, had a credit card debt which arose in that State on which she is alleged to have defaulted. (Compl., ¶¶ 4, 11, 14). Defendant is a debt collector, and in connection with the collection of Plaintiff's debt in default, itself and on behalf of Cach of New Jersey, LLC ("Cach"), filed a civil action complaint against Plaintiff on May 18, 2010, in the Superior Court of New Jersey Law Division – Sussex County. (Id. ¶¶ 6, 7, 11). Plaintiff's instant Complaint alleges that Plaintiff was never properly served in the New Jersey

state court action, but rather that Defendant attempted to serve Plaintiff by mailing process to Plaintiff's father's home in New Jersey while she was living in Myrtle Beach, South Carolina. (Id. ¶¶ 12, 13). Defendant obtained default judgment against Plaintiff in the Superior Court of New Jersey on June 1, 2011 in the amount of $3,243.48. (Id. ¶ 15). On September 22, 2011, Plaintiff learned of the complaint filed and judgment issued against her in New Jersey when her Wells Fargo bank account was levied in the amount of $2,680,28 in connection with the execution of the default judgment. (Id. ¶ 16). Plaintiff also incurred a $100.00 bank fee for processing the levy. (Id. ¶ 17). Once Plaintiff had notice of the default judgment against her, she moved the court to set aside the default judgment entered. (Id. ¶ 18). On September 26, 2011, the court entered an order vacating the default judgment which ordered that: "Bank Levy at Wells Fargo Bank in the sum of $2,680.28 is hereby vacated, said monies together with Bank fees to be returned to [Ms. Moore] immediately." (Id. ¶ 19; Ex. A). Defendant did return the amount of the bank levy but failed to return the $100.000 bank fee. (Id. ¶ 20).

Plaintiff filed her four-count Complaint on December 19, 2011, in the United States District Court for the District of South Carolina asserting claims against Defendant for violations of the Fair Debt Collection Practices Act, 16 U.S.C. 1692 et seq. ("FDCPA"). [Docket Entry No. 1]. On January 31, 2012, Defendant filed a motion to dismiss Plaintiff's Complaint for lack of jurisdiction and improper venue. [Docket Entry No. 6]. On February 27, 2012, the South Carolina District Court entered a consent order to transferring venue to this Court and dismissed one count of Plaintiff's Complaint with prejudice. [Docket Entry No. 12]. Defendant filed the instant Motion to Dismiss Plaintiff's Complaint on March 9, 2012. [Docket Entry No. 16].

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is not akin to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"; mere consistency with liability is insufficient. Id. In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a Court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). In accordance with the adoption of the new Iqbal standard by the Supreme Court, the Third Circuit held that the "no set of facts" standard set forth in Conley v. Gibson, 33 U.S. 41, 45-46 (1957) no longer applied to federal complaints. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). District courts now reviewing complaints for failure to state a claim must engage in a two-part analysis:

> First, the factual and legal elements of a claim should be separated. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. (citations omitted).

### III. DISCUSSION

A. Plaintiff's 15 U.S.C. § 1692c(b) Claim

In Count One of her Complaint, Plaintiff alleges that, by incorrectly mailing process to her farther's home in New Jersey, "Defendant violated 15 U.S.C. § 1692c(b) by communicating with a person other than Plaintiff without [her] prior consent or the permission of a court of competent jurisdiction, and where such communication was not reasonably necessary to effectuate a post judgment judicial remedy." (Compl., ¶¶ 12, 23-24; Pl. Opp'n Br., at 5-6).

Defendant makes three arguments for why Plaintiff's § 1692c(b) claim should be dismissed. First, Defendant argues that Plaintiff's claim "identifies no facts for the Court to draw a reasonable inference of the Defendant's alleged misconduct." (Def. Br., at 6). Second, Defendant asserts that, since the mailing of the Summons and Complaint in the state court action were addressed to Plaintiff, Nicole Moore, and not to the Plaintiff's father, it did not constitute a communication "with a third party." (Def. Reply Br., at 5). Third, Defendant claims that the communication was in any case conducted by the Superior Court of New Jersey and not by Defendant since it was the Superior Court that effectuated the mailing of the Summons and Complaint to Plaintiff's last known address in New Jersey. (Id.).

Section 1692c(b) of the FDCPA prohibits communication with third parties in connection with debt collection, and provides that,

> Except as provided in section 804 [15 U.S.C. § 1692b], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency

if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). District courts have consistently held that contacting family members such as grandparents, uncles and aunts, parents or children of an indebted consumer is a violation of the above-cited section. See, e.g., West v. Costen, 558 F. Supp. 564, 576 (W.D. Va. 1983)(granting summary judgment when the debt collector spoke to consumer's grandparents, parents, daughter, and uncle regarding the consumer's debt); Berg v. Merchants Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008)(finding that plaintiff stated a claim for a § 1692c(b) violation when defendant debt collector left a message on plaintiff's voice mail without alerting the plaintiff to disconnect if he were listening to the message in the presence of others); F.T.C. v. Check Enforcement, 2005 U.S. Dist. LEXIS 34349, at * 8 (D.N.J. 2005)(finding that leaving messages on the debtor's home answering machine, if heard by third parties, was a violation of § 1692c(b)); Kempa v. CadleRock J.Vs., L.P., 2011 U.S. Dist. LEXIS 18575 (E.D. Mich., Feb. 25, 2011)(granting summary judgment where a debt collector called a consumer's parents).

The FDCPA excludes from liability "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C. § 1692a(6)(D); see also Scott v. Kelkris Assocs., 2012 U.S. Dist. LEXIS 40385, at *18 (E.D. Cal., Mar. 23, 2012); Flamm v. Sarner & Assocs., P.C., 2002 U.S. Dist. LEXIS 22255, at * 13-19 (E.D. Pa., Nov. 6, 2002)(finding that the serving legal process exemption does not apply to those persons who go "beyond being merely a messenger in serving legal process and engage[] in prohibited abusive or harassing activities to force an individual to repay a debt"). Further, courts have found that letters addressed to a plaintiff but mailed to an improper address do not violate §

1692c(b) where there is no evidence that any indicators on the envelope would "communicate" to a third party that such letter was connected with the collection of a debt against a plaintiff. See, e.g., Segal v. Nat'l Action Fin. Servs., 2006 U.S. Dist. LEXIS 9532, * 19-20 (M.D. Fla., Feb. 22, 2006).

In this case, the only "communication" with a third party that Plaintiff alleges is the mailing of the summons and complaint filed against her to her father's address. Without more, Plaintiff fails to state a claim under § 1692c(b) on two grounds. First, the serving legal process exemption under the FDCPA would exempt the server from liability under that statute. Second, without any indication that the letter addressed to Plaintiff containing the summons and complaint gave an indication to her father that the "communication" was one concerning a debt, she cannot state a claim pursuant to § 1692c(b). The Court accordingly dismisses Count One of Plaintiff's Complaint without prejudice to the refiling of the same should she be able to correct the deficiencies stated herein.

### B. Plaintiff's 15 U.S.C. § 1692f Claim

Plaintiff alleges in Count Two of her Complaint that Defendant violated 15 U.S.C. § 1692f "by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt." (Compl., ¶ 26). While Plaintiff is not clear in her Complaint about which alleged facts are meant to support her § 1692f claim, it appears from Plaintiff's Opposition Brief that Plaintiff is referring to: (1) the legal action taken against her without properly serving her; (2) the levy on her Wells Fargo bank account instituted in connection with the execution of the default judgment obtained against her; and (3) the $100.00 bank fee incurred against her for processing the levy. (Id. at ¶¶ 11-17).

Defendant argues that the facts as alleged in Plaintiff's Complaint are insufficient to state a claim since Plaintiff fails to "describe in detail what, if any, actual collection activities the Defendant undertook and [to] state how they are unfair or unconscionable." (Def. Br., at 7). To the extent that Plaintiff's claim is based on improper service, Defendant contends that "the mailing of the Summons and Complaint to Plaintiff at her last known address by the Superior Court was proper service pursuant to New Jersey Court Rule 6:2-3(d). Had the Superior Court determined that service was improper, it would not have entered judgment against Nicole Moore." (Def. Reply Br., at 6). Regarding the bank fee, Defendant states that the Court executing the default judgment granted in favor of Defendant never required Defendant to pay a bank levy fee, and, further, Defendant "was not a party to the underlying action, did not collect the bank fee and is not even mentioned in the Order." (Id.). Plaintiff argues in her Opposition Brief that whether a debt collector's conduct is "unfair or unconscionable" is a jury question, and that Congress employed general language in enacting § 1692f to allow courts to proscribe improper conduct which is "not specifically addressed." (Pl. Opp'n Br., at 7). Since "Defendant filed a lawsuit and obtained a default judgment without properly serving Plaintiff," and "failed to reimburse Plaintiff the $100.00 fee that its wrongfully obtained levy caused, despite being ordered to do so by the state court," "Plaintiff's allegations . . . and all reasonable inferences therefrom, sufficiently state a cause of action for violation of 15 U.S.C. § 1692f." (Id. at 8).

Pursuant to 15 U.S.C. § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The statute presents the following non-exhaustive list of conduct that would constitute a violation of § 1692f:

> (1) The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement

7

creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls or telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if–

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
    (B) there is no present intention to take possession of the property; or
    (C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f (1)-(7). The FDCPA thus generally includes as unfair practices debt collector's actions relating to invalid debts, postdated checks, collect calls, the use of post cards, and the use of symbols other than the collection company's name and logo. See also Ford v. Consigned Debts & Collections, Inc., 2010 U.S. Dist. LEXIS 135385, at 9 (D.N.J. Dec. 21, 2010).

None of the enumerated conduct violations under § 1692f correspond to the conduct alleged in Plaintiff's Complaint, and Plaintiff cites to no case law supporting her contention that

incorrect service of process, the institution of a levy in accordance with the execution of default judgment, or the incurring of a bank fee resulting from such a levy constitute "unfair and unconscionable" conduct under § 1692f. The limited case authority that does exist runs counter to Plaintiff's assertions. See, e.g., Mandelas v. Gordon, 785 F. Supp. 2d 951, 956-57 (W.D. Wash. 2011)(granting summary judgment in favor of a defendant who issued a summons in connection with a lawsuit since pursuing such action based on a facially correct but factually ineffective return of service is not unfair or unconscionable conduct under the FDCPA); Dillon v. Riffel-Kuhlmann, 574 F. Supp. 2d 1221, 1223-24 (D. Kan. 2008)(granting summary judgment for a defendant law firm where the court found "no support for the proposition that pursuing a collection action without serving the debtor constitutes a violation of the FDCPA"); Pierce v. Steven T. Rosso, P.A., 2001 U.S. Dist. LEXIS 22024 (D. Minn. Dec. 1, 2001)(although improper service might render the collection action a nullity under Minnesota law, it did not provide a legal basis to sustain a claim for a violation of the FDCPA).

Here, Defendant filed the subject complaint against Plaintiff in the Superior Court of New Jersey after a diligent search indicating that Plaintiff resided at 36 High Crest Drive, Hamburg, Sussex County, New Jersey. (See Def. Br., Certification of Philip A. Kahn, Esq. ("Kahn Cert."), ¶ 2). Further, Plaintiff was served by the court, not Defendant, pursuant to N.J. Court Rule 6:2-3(d), and the Court accepted the return of service as facially correct when it first entered the default judgment against Plaintiff, prior to vacating that judgment on September 26, 2011. (Compl., ¶ 15; Def. Br., Kahn Cert., ¶ 2 and Ex. B). Therefore, the Court does not find that Defendant's conduct was unfair or unconscionable when it requested an execution of the judgment duly issued by the court, even if said judgment was later vacated by evidence Plaintiff

9

presented to the court following the entry of judgment. Further, the Court takes judicial notice of the court order as attached to Plaintiff's Complaint and Defendant's Brief which gives no indication that Defendant itself, rather than Cach of NJ, LLC, is responsible for any fees resulting from a levy on Plaintiff's bank account. (See Compl., Ex. A; Def. Br., Kahn Cert., at Ex. C). For these reasons, the Court dismisses Plaintiff's § 1692f claim without prejudice to the refiling of the same should Plaintiff cure the deficiencies stated herein regarding facts supporting unfair or unconscionable conduct in violation of the FDCPA.

### C. Plaintiff's 15 U.S.C. § 1692i(a)(2) Claim

In Plaintiff's third claim, she alleges that "Defendant violated 15 U.S.C. § 1692i(a)(2) by bringing a legal action against Plaintiff on a debt in a judicial district other than the judicial district where Plaintiff signed the contract sued upon or the judicial district in which Plaintiff resided at the commencement of the action." (Compl., ¶ 28). Defendant contends that Plaintiff's § 1692i claim should be dismissed because, "[a]t the time of filing the Superior Court Complaint, Plaintiff resided at 36 High Crest Drive, Hamburg, New Jersey," according to "a diligent search . . . including internet searches, credit reports and a search through the United States Postal Office which search indicated that she resided" at the Hamburg, New Jersey address. (Def. Br., at 7; Kahn Cert., ¶ 2). Defendant supplements its claim by attaching documents in its certification that Plaintiff "maintains a joint bank account in New Jersey, her voter registration is active [in New Jersey and not in South Carolina] and she provided a New Jersey telephone number to her credit card company in November, 2011." (Def. Br., at 8; Kahn Cert., ¶ 4 & Exs. E, F, H). Plaintiff, however, contends that Defendant commenced a legal action against Plaintiff by filing a lawsuit to collect a debt in New Jersey, even though she was a resident of South Carolina and did not

10

sign a contract sued upon in New Jersey. (Pl. Opp'n Br., at 9).

Section 1692i(a)(2) of the FDCPA provides that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity: (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). Congress adopted this provision to address "the 'problem of forum abuse, an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear,' hence permitting the debt collector to obtain a default judgment." Hess v. Cohen & Slamowitz, LLP, 637 F.3d 117, 120 (2d. Cir. 2011)(quoting S.Rep. No. 95-382, at 5 (1977)). Neither Party claims that Plaintiff signed the contract sued upon in New Jersey. Rather, Plaintiff's claim rests exclusively on the location of her residence on May 18, 2010, when a civil complaint was filed against her in the Superior Court of New Jersey. (See Compl., ¶ 11). At this early stage in the proceedings, accepting Plaintiff's allegations as stated in her Complaint as true that she resided in South Carolina at the time the civil action was filed, the Court finds that Plaintiff has sufficiently stated a cause of action for violation of 15 U.S.C. § 1692i(a)(2).[1] Therefore, Defendant's Motion to Dismiss Count Three of Plaintiff's Complaint is

---

[1] Defendant's briefing does not explicitly raise a "bona fide error" defense pursuant to 15 U.S.C. § 1692k(c), but in the event that it did, the Court would nevertheless find that Defendant is not entitled to dismissal of Plaintiff's § 1692i claim at this early stage. Pursuant to § 1692k(c), "[a] debt collector may not be held liable in any section brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." The FDCPA "does not require debt collectors to take every conceivable precaution to avoid errors; rather, it only requires reasonable precaution." Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326, 343 (D.N.J. 2009)(quoting Kort v. Diversified Collection Servs., 394 F.3d 530, 539 (7th Cir. 2005)). One of the factors that are pertinent to determining whether a debt collector's actions were reasonable is whether it has made such an

11

denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted in part and denied in part. Defendant's Motion to Dismiss Counts One and Two of Plaintiff's Complaint is GRANTED without prejudice. Defendant's Motion to Dismiss Count Three of Plaintiff's Complaint is DENIED. Plaintiff may file an amended complaint within thirty (30) days of the issuance of this Opinion and accompanying Order that cures the deficiencies stated herein. Failure to so file will result in dismissal of Counts One and Two of Plaintiff's Complaint <u>with</u> prejudice. An appropriate Order accompanies this Opinion.

DATED: June ___, 2012

                                                Jose L. Linares
                                                United States District Judge

---

error before. <u>Dimovski v. Tolisano & Danforth, LLC</u>, 2011 U.S. Dist. LEXIS 46127, at * 5 (D. Conn. Apr. 29, 2011). Here, the record is silent as to whether Defendant has committed similar mistakes in the past. Although Defendant explains some of their procedures in ascertaining Plaintiff's residence, including acting on the basis of Plaintiff's last known mailing address, obtaining an address from the Postmaster, and referring to voter registration records, the fact that Defendant was aware that Plaintiff had been affiliated with an address in Myrtle Beach, South Carolina by conducting a voter registration search based on that address (namely, "Nicole Moore, 710 Pepperhill Circle, Myrtle Beach, SC" [Kahn Cert., Ex. E]), that the Court at this early stage must accept Plaintiff's allegations to be true, and that the credit card debt arose in South Carolina, Defendant's Motion to Dismiss must be denied.

12

denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted in part and denied in part. Defendant's Motion to Dismiss Counts One and Two of Plaintiff's Complaint is GRANTED without prejudice. Defendant's Motion to Dismiss Count Three of Plaintiff's Complaint is DENIED. Plaintiff may file an amended complaint within thirty (30) days of the issuance of this Opinion and accompanying Order that cures the deficiencies stated herein. Failure to so file will result in dismissal of Counts One and Two of Plaintiff's Complaint <u>with</u> prejudice. An appropriate Order accompanies this Opinion.

DATED: June 13, 2012                              /s/ Jose L. Linares
                                                  United States District Judge

---

error before. <u>Dimovski v. Tolisano & Danforth, LLC</u>, 2011 U.S. Dist. LEXIS 46127, at * 5 (D. Conn. Apr. 29, 2011). Here, the record is silent as to whether Defendant has committed similar mistakes in the past. Although Defendant explains some of their procedures in ascertaining Plaintiff's residence, including acting on the basis of Plaintiff's last known mailing address, obtaining an address from the Postmaster, and referring to voter registration records, the fact that: (1) Defendant was aware that Plaintiff had been affiliated with an address in Myrtle Beach, South Carolina by conducting a voter registration search based on that address (namely, "Nicole Moore, 710 Pepperhill Circle, Myrtle Beach, SC" [Kahn Cert., Ex. E]); (2) the credit card debt arose in South Carolina; and (3) the Court at this early stage must accept Plaintiff's allegations to be true, Defendant's Motion to Dismiss is denied.